UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDY BAISDEN                                               Index No.: 22-cv-6269

                             Plaintiff,                     **COMPLAINT**

      -against-                                      Plaintiff Demands Trial by Jury

CITY OF NEW YORK, and
NYPD SERGEANT FALLYN MARTIS,

                             Defendants.
------------------------------------------------------------------X

      Plaintiff, ANDY BAISDEN, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and NYPD SERGEANT FALLYN MARTIS ("SGT. MARTIS"), upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, ANDY BAISDEN, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States resident of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant NYPD SERGEANT FALLYN MARTIS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. MARTIS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

8. On or about October 24, 2021, plaintiff ANDY BAISDEN was lawfully behind the wheel of a rented automobile when he was stopped by the defendant, NYPD SERGEANT FALLYN MARTIS.

9. After plaintiff was stopped, he was informed that the car in which he was driving had a fraudulent temporary license plate.

10. Plaintiff stated to the defendant that the car was rented through an online application and attempted to provide proof of such.

11. The defendant ignored plaintiff and insisted that he step out of the car.

12. Plaintiff complied and defendant placed him under arrest.

13. Plaintiff was placed inside of a police vehicle and taken to the 71st precinct, where he remained for approximately five hours before he was given a desk appearance ticket signed by the defendant.

14. The desk appearance ticket was eventually dismissed.

15. At no time during the events described above did defendant SGT. MARTIS have probable cause to arrest plaintiff or to charge him with a crime.

16. At no time during the events describe above did plaintiff commit any act for which he could lawfully be arrested.

17. As a result of plaintiff's baseless arrest, he did suffer injury including but not limited to loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant NYPD SERGEANT FALLYN MARTIS in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

18. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

19. At all times during the events described above defendant lacked probable cause to arrest plaintiff.

20. All of the aforementioned acts of defendant SGT. MARTIS were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the defendant in their capacity as a police officer, with all actual and/or apparent authority afforded thereto.

23. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

24. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and

supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

27. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to make an arrest without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

28. At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this complaint.

29. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: October 18, 2022
       Brooklyn, NY

By:     */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Andy Baisden*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com